UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRY S. GUGLIELMELLO,

    Defendant.
    _____/

Case No. 90-80028

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT [24]**

This matter comes before the Court on Defendant Jerry S. Guglielmello's motion to expunge his 1990 conviction under 18 U.S.C. § 844 for, according to Defendant, "damaging property with an explosive device and aiding and abetting." (Def.'s Mot. at 1.)

Since 2002, Defendant has sailed in the merchant marine and is currently a seaman first class. Following the September 11, 2001 terrorist attacks, several governments, including that of the United States,[1] have sought to strengthen security measures by enacting new laws and regulations that restrict individuals with certain backgrounds from engaging in positions that could have an impact on national security. Specifically, Defendant points to a new Department of Homeland Security and Transportation Security Administration requirement that all merchant mariners obtain a Transportation Worker

---

[1]Although Defendant notes that "Canadian authorities prevented [him] from entering Canada for a period of time," (Def.'s Mot. at 1) this example is obviously outside of this Court's jurisdiction and merits no further mention here.

Identification Credential ("TWIC") in order to access secure areas within the nation's port facilities.

Of primary importance to Defendant, however, is that individuals with particular past convictions, including use of explosive devices, would be ineligible to obtain a TWIC.[2] Thus, Defendant alleges that these new regulations will preclude him from continued employment in the merchant marine, and would be unconstitutional on a number of grounds: (1) they would operate as an ex post facto law or bill of attainder in violation of Article I, Section 9, (2) would constitute impermissible double jeopardy under the Fifth Amendment, (3) would be cruel and unusual punishment in violation of the Eighth Amendment, and (4) would effect an unlawful taking of his property without just compensation under the Fifth Amendment. To remedy this situation, Defendant requests that this Court expunge his prior criminal conviction.

The Court is mindful that Defendant's view of how the new TWIC requirements will affect him raises potential violations of key constitutional rights. Furthermore, the Court is aware that the Sixth Circuit, as well as numerous other circuits, have recognized that district courts possess the discretionary power to grant the remedy of expungement. *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). That said, a review of several other cases addressing this area of law confirm that "the expungement power is narrow and appropriately used only in extreme circumstances." *U.S. v. Robinson*, No. 94-1945, 1996 WL 107129 at *1 (6th Cir. Mar. 8, 1996) (citing cases). *See also*, *U.S. v. Flowers*, 398 F.3d

---

[2]A review of Plaintiff's brief indicates that these regulations have yet to take effect, and the Court's research failed to discover an effective date for their implementation. Regardless, this Court believes that implementation appears sufficiently imminent for this case to be considered ripe at the present time.

737, 739 (7th Cir. 2004) ("[we] underline the fact that expungement is, in fact, an extraordinary remedy and that 'unwarranted adverse consequences' [to the defendant] must be uniquely significant"); *U.S. v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990) ("The district court has a narrow power to expunge criminal records, which is infrequently exercised, and reserved for unusual or extreme cases." (citations omitted)).

The *Robinson* court noted that:

> [T]he decision to exercise such power hinges on a balancing of "the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records . . . ."
>
> * * *
>
> [F]ederal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. Conversely, courts have uniformly denied expunction requests regarding valid convictions.

*Robinson*, 1996 WL 107129 at *1-2 (quoting *Bagley*, 899 F.2d. at 708).

In both *Robinson* and *Flowers*, the defendants sought expungement of valid convictions on grounds that their past records hampered, or could hamper, their ability to obtain future employment. Both courts found that such a reason does not meet the demanding threshold to justify the extraordinary remedy of expungement, in light of the strong governmental interest in maintaining complete criminal records. *Flowers*, 389 F.2d at 739-40; *Robinson*, 1996 WL 107129 at *2. Therefore, under this line of reasoning,

Defendant has also failed to demonstrate sufficiently extreme circumstances to justify this Court granting his motion for expungement.[3]

That said, Defendant is not without a remedy with which to pursue his allegations that retroactive application of the TWIC will unlawfully infringe upon his constitutional rights. The proper vehicle to address that position is filing a separate lawsuit based upon the merits of his constitutional claims, however, and not the instant motion for expungement. This assumes, of course, that final TWIC regulations are enacted that comport with the present version included with Defendant's brief.

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders that Defendant's motion for expungement is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 9, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[3] It is true that the *Flowers* court noted that the defendant in that case did "not provide any evidence of the actual loss of employment opportunities," 389 F.2d 740, so it is possible to argue that *Flowers* is factually distinguishable from the instant case, as it appears that Defendant will definitely be precluded from sailing in the merchant marine once the TWIC regulations go into effect. Still, this fact was not the only reason for denying the *Flowers'* defendant's motion for expungement, and the Court finds that opinion's broader reasoning–that post-conviction inability to find employment is not sufficient to justify expungement–remains applicable to this dispute.